IN THE MATTER OF: WASTE MANAGEMENT OF LOUISIANA, L.L.C., WOODSIDE LANDFILL AIR PERMITTING DECISION
No. 2006 CA 1011.
Court of Appeal of Louisiana, First Circuit.
August 22, 2007.
NOT DESIGNATED FOR PUBLICATION
GERALD L. WALTER, JR., ANNE J. CROCHET, THOMAS D. GILDERSLEEVE, BATON ROUGE, LA, ATTORNEYS FOR APPELLEE WASTE MANAGEMENT OF LOUISIANA, L.L.C.
MEREDITH HOAG LIEUX, DONALD TRAHAN, BATON ROUGE, LA, ATTORNEYS FOR APPELLEE, LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY.
JILL M. WITKOWSKI, ADAM L. BABICH, NEW ORLEANS, LA, ATTORNEYS FOR APPELLANTS, HAROLD WAYNE BREAUD, O'NEIL COUVILLION, LOUISIANA ENVIRONMENTAL ACTION NETWORK, AND CONCERNED CITIZENS OF LIVINGSTON PARISH
BEFORE: CARTER, C.J., WHIPPLE AND McDONALD, JJ.
McDONALD, J.
O'Neil Couvillion, Harold Wayne Breaud, Louisiana Environmental Action Network and Concerned Citizens of Livingston Parish (the appellants) filed a petition for review of a Louisiana Department of Environmental Quality (LDEQ) permit decision in the Nineteenth Judicial District Court. The permit was issued to Waste Management of Louisiana, L.L.C. (Waste Management), for a landfill gas collection and control system and bioremediation area at the Woodside Landfill and Recycling Center (Woodside Landfill). The appellants asserted that this permit purported to waive Waste Management's obligation to obtain prevention of significant deterioration (PSD) review for the gas collection and control system. Appellants asserted that LDEQ's decision was made in violation of constitutional and statutory provisions, was made upon unlawful procedure, was arbitrary and capricious, was not supported or sustainable by a preponderance of evidence, and that it threatened the appellants' health, safety and welfare. The appellants asked that the trial court vacate the LDEQ permit.
Waste Management filed a petition for intervention, asserting that the Woodside Landfill was a non-hazardous solid-waste landfill which emitted or had the potential to emit air contaminants and that Waste Management had applied for a Part 70 operating permit pursuant to the air regulations promulgated by LDEQ. Waste Management asserted that the LDEQ permit grant was lawful and proper and that the petition for review should be dismissed.
LDEQ asserted in its brief that LDEQ was revising its State Implementation Plan (SIP) to include a federal PSD exemption rule. It also noted that before LDEQ approved the gas control and collection system project for the Woodside Landfill, the LDEQ received a "no objection" letter from the EPA establishing the EPA's support for the project.
After a hearing, the Nineteenth Judicial District Court affirmed LDEQ's decision that granted the Part 70 operating permit (permit no. 1740-00025-V0) to Waste Management for the Woodside Landfill. The appellants appealed that judgment and make the following assignment of error:
The district court erred in upholding the Louisiana Department of Environmental Quality's ("LDEQ's") unlawful issuance of an air pollution permit for the Woodside Landfill to Waste-Management, L.L.C. First, LDEQ did not conduct mandatory pre-permitting review to ensure that the pollution from the landfill does not degrade overall air quality. Second, LDEQ failed to include in the permit monitoring requirements needed to assure that the landfill complies with permit limits.
Thus, appellants ask this court to reverse the district court's decision affirming LDEQ's issuance of the Woodside Permit and to vacate the permit as null and void.

THE STANDARD OF REVIEW
Louisiana Revised Statute 49:964 provides:
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

THE TIMELINESS ISSUE
Waste Management asserts that the appellants did not timely challenge LDEQ's decision to exempt the Woodside Landfill gas collection and control system when it was made in 2003, and that now, in their appeal of Woodside Landfill's Title V operating permit (issued in 2004) appellants argue belatedly that LDEQ was without authority to make its exemption decision for the project.
Louisiana Revised Statute 30:2050.21 provides
A. An aggrieved person may appeal devolutively a final permit action, a final enforcement action, or a declaratory ruling only to the Nineteenth Judicial District Court. A petition for review must be filed in the district court within thirty days after notice of the action or ruling being appealed has been given. The district court shall grant the petition for review.
Louisiana Revised Statute 49:964 provides:
A. (1) Except as provided in R.S. 15:1171 through 1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
We find that the decision to exempt the project from PSD review cannot be considered either a "final enforcement action" or a "final permit action" under La. R.S. 30:2050.21. Neither can it be a "declaratory ruling," which requires a particular set of procedures not met here. La. R.S. 30:2050.10; La. Adm. Code title 33, part 1, §1101, et. seq.
If the exemption were a "preliminary, procedural, or intermediate" action, it could only have been reviewable on its own if the review of the permit issuance itself could not provide adequate relief. La. R.S. 49:964A(1). As the relief sought herein is the invalidation of the final permit, this court could provide adequate relief and avoid irreparable injury. Thus, we find the action is timely.

ANALYSIS
Appellants assert that the permit is invalid because LDEQ failed to follow the required process to determine whether the facility will cause a significant deterioration in air quality, noting La. Admin. Code title 33, part III, §509 requires LDEQ to review new and existing major sources of pollution to ensure that the facility will not cause a significant deterioration in air quality. Appellants assert that LDEQ granted Waste Management an air pollution permit without conducting this required review; thus, the permit is invalid.
The Clean Air Act, 42 U.S.C. §§7401, et. seq., requires states to submit a SIP, which contains the state's plan to achieve air quality standards, to the EPA for approval. See 42 U.S.C. §7410(a). The Act requires SIPs to include "enforceable emission limitations and other control measures, means, or techniques . . as well as schedules and timetables for compliance" to meet the national air quality standards. 42 U.S.C. §7410(a)(2)(A). Upon approval by the EPA, the SIP becomes federally enforceable. St. Bernard Citizens for Environmental Quality, Inc. v. Chalmette Refining, L.L.C., 399 F. Supp. 2d 726, 730 (E.D. La. 2005).
The Title V or Part 70 Air Permit is a permit required by the Title V Program of the Federal Clean Air Act (42 U.S.C. §7401, et seq., specifically 42 U.S.C. §7661). Title V requires all new and existing major sources of air pollution to have an operating permit that identifies all the regulations applicable to the facility. The regulations that codify the requirements of a Title V permit are the federal regulations, 40 C.F.R. §70.1 et. seq.; comparable state regulations are found in the Louisiana Part 70 Operating Pen-nits Program, Louisiana Administrative Code title 33, part III, chapter 5, specifically La. Admin. Code title 33, part III §507, et seq.
The landfill expansion and flare installation at issue qualifies as a major modification to a major stationary source and, thus, must undergo preconstruction review, namely PSD. 40 C.F.R. §70.1 et seq.; La. Admin. Code title 33, part III, §§507, 509. However, LDEQ exempted Woodside Landfill from PSD review, based upon an EPA rule provided in a 1994 internal agency memorandum and subsequently codified, which excluded from New Source Review (NSR) proposed constructions meeting the definition of Pollution Control Projects (PCP). 40 CFR §52.21 (b)(2)(iii)(h), (b)(32), (z).[1]
Louisiana never formally adopted in its SIP the exemption herein relied upon by LDEQ and Waste Management. However, LDEQ and Waste Management argue that because the Louisiana Part 70 permit is required to include all federally applicable requirements, LDEQ may apply the PCP exemption as a federal standard term or condition. See La. Admin. Code title 33, part III, §§501(C)(5) & 502.
However, such a change in the regulatory law could only be effected through proper rule-making procedures. La. R.S. 49:953. This would include notice by LDEQ of its intended action as well as a reasonable opportunity for all interested persons to submit data, views, comments, or arguments orally or in writing. La. R.S. 49:953A(1)(a); La. R.S. 49:953A(2)(a). Also, a regulatory proposal that affects a hazardous emissions limitation requires EPA approval as well. 42 U.S.C. §7416; see also St. Bernard Citizens for Environmental Quality, Inc., 399 F.Supp.2d at 734. LDEQ did in fact attempt to adopt the PCP exemption, but the proposal was withdrawn after the federal regulation upon which it was based was vacated by New York v. E.P.A., 413 F.3d 3 (D.C. Cir. 2005).
Further, the Federal Register and the regulation itself explained as such "these rules will apply on March 3, 2003, in any area without an approved PSD program, for which we are the reviewing authority, or for which we have delegated our authority to issue permits to a State or local reviewing authority." 67 FR 80186, 80240 (emphasis added).
States that already had EPA-approved SIPs for PSD review were required to adopt the new rules within three years as a minimum federal requirement. 67 FR 80186, 80240-80241. In its analysis of the costs of these changes, the EPA expressly recognized the requirement that states properly promulgate this rule and submit their revised SIP for EPA review. 67 FR 80186, 80240-80241. The distinction between approved SIPs and those states which lack it is also present in the codified regulation, which provides that "provisions of this section are applicable to any State implementation plan which has been disapproved with respect to prevention of significant deterioration of air quality." 40 C.F.R. §52.21(a)(1).
Accordingly, the federal rule essentially worked as a default rule in those areas that lacked EPA-approved plans for PSD. For those states, such as Louisiana, which already had an approved SIP, the rule was not effective until properly adopted.
Thus, the Part 70 permit issued to Waste Management by LDEQ failed to include the necessary PSD review. Therefore, the trial court judgment affirming the permit grant is reversed, and the Part 70 operating permit (permit no. 1740-00025-V0) issued to Waste Management for the Woodside Landfill is vacated. The cost of this appeal in the amount of $561.74 is assessed against LDEQ.

LDEQ'S MOTION TO SUPPLEMENT THE RECORD
LDEQ filed a motion to supplement the record with two items that were part of the LDEQ administrative record in this case but were not entered into evidence at the trial. Louisiana Code of Civil Procedure article 2132, which permits the correction of evidence that was actually introduced at trial, does not permit introduction of new evidence after the transcript of the appeal is filed in the appellate court. Moreover, the court of appeal has no jurisdiction to receive new evidence. Diamond B Construction Company, Inc. v. Louisiana Department of Transportation and Development, XXXX-XXXX (La App. 1 Cir. 12/22/00), 780 So.2d 439, 449, writ denied, XXXX-XXXX (La. 4/20/01), 790 So.2d 633. LDEQ's motion to supplement the record is denied.

APPELLANTS' MOTION TO FILE SUPPLEMENTAL AUTHORITY
The appellants filed a "motion to file supplemental authority," asking that they be allowed to provide to the court a brief filed by LDEQ in the case of Louisiana Environmental Action Network v. Louisiana Department of Environmental Quality, 2002-2377 (La. App. 1 Cir. 9/26/03), 857 So.2d 541. Appellants rely upon Uniform Rules of the Courts of Appeal, Rule 2-15.4(a), which provides that "[a] book, treatise, or other textual material not conveniently available to the court, used as authority during argument by counsel, shall, on request of court, be deposited with the court until the case is decided." The court did not request this material. The motion is denied.
JUDGMENT REVERSED; LDEQ PERMIT VACATED; LDEQ'S MOTION TO SUPPLEMENT THE RECORD DENIED; APPELLANTS' MOTION TO SUPPLEMENT AUTHORITY DENIED.
NOTES
[1] After the case was submitted to this court, 40 CFR Parts 51 and 52 were vacated by the EPA to conform its regulations to the court's ruling in New York v. EPA, 413 F.3d 3 (D.C. Cir. 2005). See 72 FR 32526.